# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

DANIEL ARDEN NORTHUP,

        Plaintiff,

v.                                                                                                                      Case No. 09-CV-1184

WISCONSIN DEPARTMENT OF CORRECTIONS
HEALTH SERVICES,

        Defendant.

## ORDER

The plaintiff, Daniel Arden Northup, who is incarcerated at Oshkosh Correctional Institution, filed a *pro se* complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. This matter comes before the court on the plaintiff's motion for leave to proceed *in forma pauperis* and for screening of the plaintiff's complaint.

The plaintiff is required to pay the statutory filing fee of $350.00 for this action. *See* 28 U.S.C. § 1915(b)(1). If a prisoner does not have the money to pay the filing fee, he or she can request leave to proceed *in forma pauperis*. The plaintiff has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. § 1915(a)(2), and has been assessed and paid an initial partial filing fee of $10.45. The court will grant the plaintiff's motion for leave to proceed *in forma pauperis*.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

The plaintiff has had a skin condition on his face since 2006. It started after the plaintiff was incarcerated, and he avers that it has not been treated properly by prison health services staff. He has been seen by doctors only twice in three years; the rest of his treatment has come from nurse practitioners. He has been given various diagnoses and medications, but the condition has not improved. In fact, it has spread all over his face and resulted in permanent scarring. At one point, the plaintiff was told he would have another follow up with a doctor and be sent out of the prison to see a specialist. However, he was not seen by anyone between July and December 2009. All requests that the plaintiff has sent since September 2009 have said that he would be seen in two weeks, but he has not been seen.

The plaintiff submits that the failure to treat his skin condition constitutes a violation of his right to medical care under the Eighth Amendment. He seeks injunctive relief (treatment) and monetary damages to compensate for the scarring, to help pay for cosmetic procedures to correct the scarring, and for future treatment that may be necessary.

The averments in the plaintiff's complaint implicate his Eighth Amendment rights. However, the plaintiff names only the Wisconsin Department of Corrections Health Services. "[S]tates and their agencies are not 'persons' subject to suit under 42 U.S.C. § 1983." *Johnson v. Supreme Court of Ill.*, 165 F.3d 1140, 1141 (7th Cir. 1999).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's *pro se* allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 127 S. Ct. 2197, 2200 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Nevertheless, it is unacceptable for a court to add litigants on its own motion. *Myles v. United States*, 416 F.3d 551 (7th Cir. 2005).

In order to proceed in this case, the plaintiff must identify those individuals who were personally involved in denying the plaintiff medical treatment or providing him inadequate medical treatment. He must name them as defendants and provide enough detail regarding their involvement to put them on notice of his claims against them. An individual cannot be held liable in a § 1983 action unless he caused or
-3-

participated in an alleged constitutional deprivation. *Sheik-Abdi v. McClellan*, 37 F.3d 1240, 1248 (7th Cir. 1994); *Rascon v. Hardiman*, 803 F.2d 269, 273 (7th Cir. 1986). An official is personally involved if: a) he or she participates directly in the constitutional deprivation; b) acts or fails to act with reckless disregard of the plaintiff's constitutional rights; or c) the conduct that deprived the plaintiff of his constitutional rights occurred at the official's direction or with his or her knowledge and consent. *Rascon*, 803 F.2d at 274; *Smith v. Rowe*, 761 F.2d 360, 369 (7th Cir. 1985); *Crowder v. Lash*, 687 F.2d 996, 1005 (7th Cir. 1982).

The court will give the plaintiff an opportunity to file an amended complaint naming as defendants those personally involved in the alleged constitutional deprivation. If the plaintiff wants to proceed in this action, he must file an amended complaint that not only sets forth the factual basis for his claim, but also identifies the individuals personally involved in his medical treatment. Such amended complaint must be filed on or before **Monday, April 12, 2010**. The plaintiff is advised that the amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint." The amended complaint supersedes the prior complaint and must be complete in itself without reference to the original complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056 (7th Cir. 1998). In *Duda*, the appellate court emphasized that in such instances, the "prior pleading is in effect withdrawn as to all matters not restated in the amended pleading. *Id.* (citations omitted). If an amended complaint is received,

-4-

it will be screened pursuant to 28 U.S.C. § 1915A. Otherwise, this action will be dismissed.

Accordingly,

**IT IS ORDERED** that the plaintiff's motion for leave to proceed *in forma pauperis* (Docket #2) is **GRANTED**.

**IT IS FURTHER ORDERED** that on or before **Monday, April 12, 2010**, the plaintiff shall file an amended pleading curing the defects in the original complaint as described herein.

**IT IS FURTHER ORDERED** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from the plaintiff's prisoner trust account the $339.55 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS ALSO ORDERED** that copies of this order be sent to the warden of the institution where the inmate is confined and to Corey F. Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin, 53707-7857.

**IT IS FURTHER ORDERED** that the plaintiff shall submit all correspondence and legal material to:

> Honorable J.P. Stadtmueller
> % Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS.

It will only delay the processing of the matter.

Dated at Milwaukee, Wisconsin, this 23rd day of March, 2010.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge