# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

DANIEL ARDEN NORTHUP,

    Plaintiff,

    v.        Case No. 09-C-1184

JUDY SMITH, SARA KROPP, NURSE BOWEN,
DR. CORRIGAN, JOHN DOE 1, and JOHN DOE 2,

    Defendants.

## ORDER

The plaintiff, Daniel Arden Northup, a state prisoner, filed a *pro se* complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. In a decision and order dated March 23, 2010, the court granted the plaintiff's motion for leave to proceed *in forma pauperis* and directed the plaintiff to file an amended complaint. The plaintiff's Amended Complaint is now before the court for screening.[1]

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

---

[1] Although the plaintiff attempts to incorporate the allegations in his original complaint, the court will consider only the contents of the Amended Complaint. As the court advised the plaintiff in its prior order, the amended complaint supersedes the prior complaint and must be complete in itself without reference to the original complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056 (7th Cir. 1998).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The complaint

allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

In considering whether a complaint states a claim, courts should follow the principles set forth in *Twombly* by first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 129 S. Ct. at 1950. Legal conclusions must be supported by factual allegations. *Id.* If there are well-pleaded factual allegations, the court must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's *pro se* allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 127 S. Ct. 2197, 2200 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

### COMPLAINT ALLEGATIONS

The plaintiff developed a skin condition in 2006. He was seen for the condition while housed at the Wisconsin Secure Program Facility and Green Bay Correctional Institution. The plaintiff was then transferred to Oshkosh Correctional Institution, and he requested to be seen by the health services staff because the

condition had spread and there were sores on his face. Within a month, the plaintiff was seen by defendant nurse practitioner Bowen, who said that the condition was not just dry skin. Bowen prescribed a lotion, but the condition got worse and spread, it also itched and burned. After about a month, Bowen saw the plaintiff again; she then made a different diagnosis and prescribed a different medicated lotion. However, the plaintiff's condition continued to get worse. He contacted health services again and was told he was scheduled for an appointment with defendant Doctor Corrigan.

Dr. Corrigan examined the plaintiff in March 2009, made another diagnosis, and gave the plaintiff a different medication to try for a few months. A follow-up appointment was scheduled for June, and Dr. Corrigan said he would refer the plaintiff to a dermatologist if the condition had not improved by that time. In May and June 2009, the plaintiff submitted several request slips because the medication was not working and the skin condition was spreading to new areas. In response to each request, the plaintiff was told that he had an appointment scheduled in two weeks, but he was never seen.

On November 9, 2009, the plaintiff wrote to defendant Sara Kropp, the Health Services Unit Manager. He complained that he had been told since June that he had an appointment scheduled in two weeks, but he had not been seen. On November 11, 2009, Kropp replied that the plaintiff had an appointment scheduled.

The plaintiff submitted another request to be seen on December 3, 2009. On December 16, 2009, a nurse examined the plaintiff. The nurse informed the plaintiff
-4-
Case 2:09-cv-01184-JPS   Filed 05/14/10   Page 4 of 8   Document 6

that Dr. Corrigan had left in May 2009 for ethical reasons. After checking the computer, the nurse found that the plaintiff had been rescheduled to be seen "in two weeks" well over ten times. (Amended Complaint, p. 4). The nurse gave the plaintiff a prescription cream and told the plaintiff that was all he could do.

In January and February 2010, the plaintiff was advised that he could buy products from the canteen to use for his skin condition. He was also seen again by Bowen in February 2010 and by an unknown nurse in March 2010. The plaintiff still suffers from severe burning and itching and painful sores and peeling skin all over his face and the back of his ears to his collar; he has some scarring.

## DISCUSSION

To establish liability under the Eighth Amendment, a prisoner must show: (1) that his medical need was objectively serious; and (2) that the official acted with deliberate indifference to the prisoner's health or safety. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) "[A] prison official may evidence deliberate indifference by failing to treat or delaying the treatment of a serious medical need. However, for liability to exist the medical need must be objectively serious." *Langston v. Peters*, 100 F.3d 1235, 1240 (7th Cir. 1996).

For the purposes of screening, the court will assume that the plaintiff's skin condition constitutes a serious medical need, especially given his description of the itching and burning and his representation that he has scars. The plaintiff will be allowed to proceed on an Eighth Amendment medical care claim against those defendants who were personally involved in his medical treatment: Nurse Bowen,

-5-

Dr. Corrigan, John Doe 1 (the nurse who treated the plaintiff on December 16, 2009), and John Doe 2 (the nurse who treated the plaintiff in March 2010).[2]

The plaintiff also will be allowed to proceed on an Eighth Amendment claim against defendant Sara Kropp. She was personally involved because the plaintiff wrote to her about his situation on November 9, 2009. Additionally, the plaintiff asserts that she created customs within the HSU that led to deliberate indifference to the plaintiff's serious medical needs.

The plaintiff will not be allowed to proceed on a claim against defendant Warden Judy Smith because the Amended Complaint contains no information regarding her personal involvement with the plaintiff's medical treatment.

Further, the plaintiff will not be allowed to proceed on claims against defendants Kropp and/or Smith regarding their management or training of subordinates. There is no *respondeat superior* liability under § 1983; thus, the warden and the HSU Manager cannot be held liable for the actions of other employees. *Iqbal*, 129 S.Ct. at 1948 (Government officials may not be held liable under § 1983 for unconstitutional conduct of their subordinates under theory of *respondeat superior*). With regard to the plaintiff's assertion that Kropp and Smith inadequately trained Nurse Bowen and the other defendants, the plaintiff relies on *City of Canton v. Harris*, 489 U.S. 378, 389 (1989). That case authorized a narrow

---
[2] Although the plaintiff indicates that there may be additional John Does, his Amended Complaint suggests personal involvement only by these two unnamed individuals. The plaintiff must use discovery to identify these two nurses, now known as John Doe 1 and John Doe 2. Once he knows their names, he should move the court to substitute their names in the caption and have them served with the Amended Complaint.

claim for failure to train against municipalities, not claims against the state or its employees. *See id.* at 392.

In summary, the court finds that the plaintiff may proceed on Eighth Amendment claims against defendants Kropp, Bowen, Corrigan, John Doe 1 and John Doe 2.

Accordingly,

**IT IS ORDERED** that Warden Judy Smith be and the same is hereby **DISMISSED** as a defendant in this action.

**IT IS FURTHER ORDERED** that, pursuant to an informal service agreement between the Attorney General and this court, copies of plaintiff's complaint and this order are being sent today to the Attorney General for service on the state defendants.

**IT IS ALSO ORDERED** that a copy of this order be sent to the warden of the institution where the inmate is confined.

**IT IS FURTHER ORDERED** that the plaintiff shall submit all correspondence and legal material to:

> Honorable J.P. Stadtmueller
> % Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

The plaintiff is hereby notified that he is required to send a copy of every paper or document filed with the court to the opposing parties or their attorney(s). Fed. R. Civ. P. 5(a). The plaintiff should also retain a personal copy of each document. If the plaintiff does not have access to a photocopy machine, he may send out identical handwritten or typed copies of any documents. The court may disregard any papers or documents which do not indicate that a copy has been sent to each defendant or to their attorney(s).

The plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin, this 14th day of May, 2010.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge