# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

DANIEL ARDEN NORTHUP,

    Plaintiff,

v.                                              Case No. 09-C-1184

SARA KROPP, NURSE BOWEN, DR. CORRIGAN,
JEAN CARLSON, and HENRY BRUNEEL,

    Defendants.

# ORDER

The plaintiff, Daniel Arden Northup, a state prisoner, filed a *pro se* complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. This matter is now before the court on a motion for summary judgment filed by defendants Sara Kropp, Nurse Bowen, and Dr. Corrigan.[1]

The plaintiff filed a motion opposing defendants' motion for summary judgment, but the only relief requested is that the court not grant the defendants' motion. Accordingly, the plaintiff's motion will be denied, and it will be construed as his response to the defendants' motion for summary judgment.

## SUMMARY JUDGMENT STANDARD

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a

---

[1] On January 20, 2011, the defendants filed a motion to stay briefing on motion for summary judgment. However, that motion was withdrawn on February 1, 2011.

matter of law." Fed. R. Civ. P. 56(a); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986); *Ames v. Home Depot U.S.A., Inc.*, — F.3d —, 2011 WL 31855, at *3 (7th Cir. Jan. 6, 2011). "Material facts" are those under the applicable substantive law that "might affect the outcome of the suit." *See Anderson*, 477 U.S. at 248. A dispute over "material fact" is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: "(A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). "An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4).

## FACTUAL BACKGROUND

The plaintiff, Daniel Northup, has been a state prisoner since early 2006. In an Intake Screening/Medical History form dated February 22, 2006, it was noted that the plaintiff had a "skin disease" and that areas on his face were irritated. The plaintiff received periodic treatment for this skin disease at Dodge Correctional Institution, the Wisconsin Secure Program Facility, and Green Bay Correctional Institution.

In January 2008, the plaintiff was transferred to Oshkosh Correctional Institution (OCI), and his medical chart was received and reviewed by the Health Services Unit (HSU) at OCI. The plaintiff was seen on February 26, 2008, for urinary issues, HPV, and irritation of facial skin. He was diagnosed with atopic dermatitis, or eczema, and he was instructed to wash with Dove soap and prescribed two topical medications.

The plaintiff was seen again on August 22, 2008, and on August 27, 2008, for the rash on his face. He was prescribed hydrocortisone cream and scheduled for another follow up appointment.

On September 22, 2008, the plaintiff treated with Dr. Jeffrey Corrigan, who diagnosed rosacea. Dr. Corrigan put the plaintiff on a trial of metronidazole, a topical gel. The plaintiff's medications were refilled, upon his request, on November 18, 2008, and December 20, 2008. On December 30, 2008, Dr. Corrigan saw the plaintiff for his rosacea and noted an incomplete response to the topical gel. He

renewed the plaintiff's prescription for three months and also prescribed minocycline, an oral antibiotic.

The plaintiff's medications were refilled, upon his request, on January 10, 2009, February 10, 2009, March 8, 2009, April 8, 2009, and May 6, 2009. The plaintiff also submitted two health service requests (HSR) at the end of February 2009; his chart was flagged for Dr. Corrigan and an appointment was scheduled, originally for mid-April.

The plaintiff saw Dr. Corrigan on May 15, 2009. At that time, Dr. Corrigan assessed the plaintiff's rosacea as stable, but slightly worse due to occasional flare ups and flaking. Dr. Corrigan prescribed another antibiotic, bactrim. The plaintiff received instruction on his new medication on May 16, 2009. The medication was refilled in June, July, August, and September. Beginning in July, Dr. Corrigan also prescribed a new cream, Hydrocerin, for the plaintiff.

On October 16, 2009, the plaintiff submitted a HSR because he was running out of medication and the doctor had not resigned the order. He reported that his rosacea was breaking out daily. In response, the plaintiff was told he was scheduled for an appointment in about two weeks.

The plaintiff wrote a letter to defendant Sara Kropp on November 10, 2009. She responded the same day and told the plaintiff that he had an appointment scheduled but that all appointment dates are tentative. All HSU appointments are

triaged according to acuity and priority, and the plaintiff's skin condition was not an urgent problem requiring immediate care.

The plaintiff submitted another HSR on December 3, 2009, because he still had not been seen by that date. He noted that his medications had been discontinued in September and that he needed to be seen because his face was constantly inflamed and the problem was spreading to new areas.

Defendant Henry Bruneel, a nurse practitioner, saw the plaintiff on December 16, 2009. Bruneel performed a complete dermatological assessment and diagnosed a skin rash with an appearance consistent with rosacea. He prescribed Hydrocerin cream.

Defendant Nurse Bowen saw the plaintiff for urinary issues on January 28, 2010, and also addressed his dermatological issues. She assessed atopic dermatitis with eczematous changes and prescribed betamethasone lotion, which is a topical steroid.

The plaintiff referenced his skin condition in a HSR submitted February 28, 2010. He wrote that the medicated lotion he was given for his face had "somewhat" faded the big red areas, but complained that he was experiencing a lot of itching in certain areas and had developed "pimple like areas" that turned into a small scab if broken open. An appointment was scheduled.

Nurse Bowen saw the plaintiff on March 10, 2010, and noted that his atopic dermatitis condition had improved with betamethasone. She prescribed

triamcinolone 1% to be applied to the affected areas twice a day for two weeks. Several days later, the plaintiff submitted a HSR stating that he was having a severe skin reaction from the new medication. He was instructed to schedule a sick call, but he refused treatment because he was unwilling to pay a co-pay because the visit was precipitated by his reaction to medication prescribed by HSU. The plaintiff formally refused the recommended medical treatment on March 19, 2010, and did not submit additional requests to be seen for the rash on his face. Patients are not denied treatment based on inability to pay a co-pay. However, there are procedures to dispute co-pay charges, which the plaintiff did not follow.

## DISCUSSION

Defendants Bowen, Corrigan and Kropp argue that they are entitled to summary judgment both because: (1) the plaintiff's skin condition was not a serious medical need; and (2) even if the plaintiff's skin condition was a serious medical need, they were not deliberately indifferent to it. The plaintiff maintains that he is entitled to proceed to trial because a reasonable jury could conclude that the defendants were deliberately indifferent to his serious skin condition, which caused the plaintiff pain and resulted in scarring and discoloration of his face and arms.

To establish liability under the Eighth Amendment, a prisoner must show: (1) that his medical need was objectively serious; and (2) that the official acted with deliberate indifference to the prisoner's health or safety. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Chapman v. Keltner*, 241 F.3d 842, 845 (7th Cir. 2001); *see*

*also Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976); *Zentmyer v. Kendall County, Illinois*, 220 F.3d 805, 810 (7th Cir. 2000). A serious medical need is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Wynn v. Southward*, 251 F.3d 588, 593 (7th Cir. 2001) (quoting *Gutierrez v. Peters*, 111 F.3d 1364, 1373 (7th Cir. 1997)). A prison official acts with deliberate indifference when "the official knows of and disregards an excessive risk to inmate health or safety." *Farmer*, 511 U.S. at 837. Prison officials act with deliberate indifference when they act "intentionally or in a criminally reckless manner." *Tesch v. County of Green Lake*, 157 F.3d 465, 474 (7th Cir. 1998). A finding of deliberate indifference requires evidence "that the official was aware of the risk and consciously disregarded it nonetheless." *Chapman*, 241 F.3d at 845 (citing *Farmer*, 511 U.S. at 840-42).

Although the defendants argue that the plaintiff's condition does not constitute a serious medical need, the evidence at summary judgment is to be viewed in the light most favorable to the non-moving party (here, the plaintiff). Based on the plaintiff's averments regarding pain and scarring, the court will assume for the purposes of summary judgment that the plaintiff's skin condition constituted a serious medical need. Thus, the court must consider whether each defendant was deliberately indifferent to the plaintiff's serious medical need.

The plaintiff received regular medical treatment and refills of his medication from defendants Nurse Bowen and Dr. Corrigan during his time at OCI. The plaintiff suggests that the lack of a firm diagnosis of his condition or a referral to a dermatologist has caused him pain and scarring on his face and arms. However, defendants Bowen and Corrigan treated the plaintiff reasonably, assessed his skin condition and made tentative diagnoses. They prescribed medications in an attempt to alleviate the plaintiff's symptoms and altered or changed those medications when they were alerted that the medications were not relieving the plaintiff's symptoms. There is nothing in the record to suggest that the care provided by defendants Bowen and Corrigan was "so blatantly inappropriate as to evidence intentional mistreatment likely to seriously aggravate" the plaintiff's skin condition. *Edwards v. Snyder*, 478 F.3d 827, 830-31 (7th Cir. 2007) (citing *Snipes v. DeTella*, 95 F.3d 586, 592 (7th Cir.1996)) (A plaintiff's receipt of some medical care does not automatically defeat a claim of deliberate indifference if a fact finder could infer the treatment was "so blatantly inappropriate as to evidence intentional mistreatment likely to seriously aggravate" a medical condition.).

The only personal involvement of defendant Sara Kropp was her receipt of a letter from the plaintiff on November 10, 2009. She responded to the letter the same day and informed the plaintiff that he had an appointment scheduled, but that all appointment dates were tentative. This was due to the policy that all HSU appointments are triaged according to acuity and priority. The plaintiff's skin

condition was not an urgent problem requiring immediate care. This policy did not result in deliberate indifference to the plaintiff's skin condition but, rather, prevents deliberate indifference to more acute medical needs of other prisoners.

Although the plaintiff avers that he was not seen from May 2009 until December 2009, he did not ask to be seen until October 16, 2009, when he informed the HSU that the doctor had not renewed his prescriptions and that his medication was running out. Thereafter, the plaintiff saw defendant Henry Bruneel on December 16, 2009. A prisoner who complains that a delay in medical treatment rose to a constitutional violation must place "verifying medical evidence" in the record to establish the detrimental effect of the delay in medical treatment to succeed on his claim. *Williams v. Liefer*, 491 F.3d 710 (7th Cir. 2007); *Langston v. Peters*, 100 F.3d 1235, 1240 (7th Cir. 1996). The plaintiff has presented no such evidence.

No reasonable jury could find that defendants Kropp, Bowen or Corrigan were deliberately indifferent to the plaintiff's skin condition. The court will grant their motion for summary judgment.

### ADDITIONAL DEFENDANTS

Defendants Henry Bruneel and Jean Carlson were not substituted as defendants in this action until after this motion for summary judgment was filed. They have been served and have filed Answers to the plaintiff's Amended Complaint, but the plaintiff has not had an opportunity to serve discovery requests on Bruneel and Carlson, and they have not moved for summary judgment. With

regard to the plaintiff's claims against Bruneel and Carlson, the court shall set forth deadlines for discovery and dispositive motions below.

Accordingly,

**IT IS ORDERED** that the defendants' motion for summary judgment (Docket #32) be and the same is hereby **GRANTED**.

**IT IS FURTHER ORDERED** that defendants Sara Kropp, Nancy Bowen, and Dr. Jeffrey Corrigan be and the same are hereby **DISMISSED** as defendants to this action. When judgment is entered in this case, it shall be entered in favor of defendants Sara Kropp, Nancy Bowen, and Dr. Jeffrey Corrigan, dismissing the plaintiff's claims against them.

**IT IS FURTHER ORDERED** that the plaintiff's motion opposing defendants' motion for summary judgment (Docket #47) be and the same is hereby **DENIED**.

**IT IS FURTHER ORDERED** that the defendants' motion to stay briefing on motion for summary judgment filed December 17, 2010 (Docket #48) be and the same is hereby **WITHDRAWN**.

**IT IS FURTHER ORDERED** that the remaining parties shall serve all discovery requests by a date sufficiently early so that all discovery is completed no later than **Wednesday, August 31, 2011**.

**IT IS FURTHER ORDERED** that motions to dismiss and motions for summary judgment, together with briefs, are to be filed no later than **Friday, September 30, 2011**, and in accordance with Civil Local Rule 7(E.D. Wis.).

Dated at Milwaukee, Wisconsin, this 6th day of July, 2011.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge